IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHOO FITNESS L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> ZWIFT, INC., <br><br> Defendant. | C.A. No. 22-cv-1295-CFC <br><br> JURY TRIAL DEMANDED |

### [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY AND FILINGS RELATING TO WAHOO'S MOTION FOR A PRELIMINARY INJUNCTION

WHEREAS, Plaintiff Wahoo Fitness L.L.C. ("Plaintiff" or "Wahoo") and Defendant Zwift, Inc. ("Defendant" or "Zwift"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by briefing – including Wahoo's Motion for a Preliminary Injunction ("Wahoo's Motion") – argument, and discovery demands by the Parties up through the resolution of Wahoo's Motion involves the production or disclosure of confidential and proprietary business information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

1

THEREFORE, it is hereby stipulated among the Parties, subject to the approval of the Court, that:

1. This Order applies to confidential and proprietary information exchanged between the Parties related to Wahoo's Motion. Subsequent to resolution of Wahoo's Motion, the Parties will negotiate and submit a proposed protective order that governs the remainder of the case. Nothing in this Order shall prevent the Parties from using any document or information that falls within the scope of this Order or from introducing documents, information or materials designated under this Order as evidence in any proceeding, including trial, of this Action, subject to the appropriate confidentiality protections.

2. Documents, information or materials protected by this Order shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR." The words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be placed clearly on each page of the materials to be protected (except deposition and hearing transcripts and natively

produced documents) for which such protection is sought. For deposition transcripts, the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR." For natively produced files, the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be placed in the filename of each such natively produced document or produced with a load file that designates the native file as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR."

3. Each Party may designate as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" any document, transcript, information or material, in whole or in part, that constitutes or includes, in whole or in part, confidential or

proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material.  Each Party may further designate any confidential document, transcript, information or material that contains confidential technical information as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" and by doing so will trigger the Patent Prosecution Bar provisions set forth in Paragraph 8, below.

4. Information previously designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2" shall be considered as having been designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

5. "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" documents, transcripts, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth herein:

    (a) outside counsel of record in this Action for the Parties;

    (b) employees and contractors of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least three (3) business days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within three (3) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(e) the Court and its personnel; and

---

[1] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

(f) any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order, and the Court and its personnel.

6. A Party shall designate documents, transcripts, information or material as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" only upon a good faith belief that the documents, information or material contains confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Any person or entity who obtains access to documents, transcripts, information or material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such documents, information or material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

PROSECUTION BAR" and subject to all of the terms and conditions of this Order.

8. Absent written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (1) the subject matter recited in the claims of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office, or (2) any products, services, or systems about which technical information has been produced in this Action with a "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" designation. To avoid any doubt, "prosecuting" as used in this paragraph does not include participating or assisting in challenging or defending any patents before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter*

     *partes* reexamination, *inter partes* review, postgrant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language. These prohibitions shall begin when access to documents, information or other material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" is first received by the affected individual, and shall end two years after the final resolution of this Action, including all appeals.

9. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The Parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The Parties are not required to identify on a privilege log any documents or information withheld as privileged, including but not limited to attorney-client communications or attorney work product, that were created on or after the filing of the Complaint. Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim

of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

10. Parties may, at the deposition or within five (5) business days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 5-day period, the entire deposition transcript

9

shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR."

11. Any documents, transcripts, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

12. A Party may request in writing to the other Party that the designation given to any documents, transcripts, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" be withdrawn. If the designating Party does not agree to redesignation within five (5) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of

the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

13. Each outside consultant or expert to whom "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

14. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

15. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

16. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

17. There shall be no disclosure of any documents, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

18. All filings containing information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be

marked accordingly and filed under seal in accordance with the Court's procedures, the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Delaware, and CM/ECF Procedures as appropriate.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FARNAN LLP |
|---|---|
| */s/ Jennifer Ying* | */s/ Brian E. Farnan* |
| _____ | _____ |
| Jennifer Ying (#5550) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899 <br> (302) 658-9200 <br> jying@morrisnichols.com | Brian E. Farnan (#4089) <br> Michael J. Farnan (#5165) <br> 919 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 777-0300 <br> (302) 777-0301 <br> bfarnan@farnanlaw.com <br> mfarnan@farnanlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

December 5, 2022

SO ORDERED, this _____ day of December, 2022.

_____
Chief, United States District Judge

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAHOO FITNESS L.L.C.,<br><br>   Plaintiff,<br><br> v.<br><br>ZWIFT, INC.,<br><br>   Defendant. | C.A. No. 22-cv-1295-CFC<br><br>JURY TRIAL DEMANDED |

### APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
### PROTECTIVE ORDER

I, _____, declare that:

1. My address is _____

   _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____