IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAHOO FITNESS L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1295-WCB-SRF |
| | ) | |
| ZWIFT, INC., | ) | **UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this **28th** day of **February, 2023**, the court having considered the parties' letter briefing on plaintiff Wahoo Fitness L.L.C.'s ("Wahoo") motion to compel defendant Zwift, Inc. ("Zwift") to respond to Amended Interrogatory No. 1 and produce documents responsive to Amended Request for Production No. 3 in connection with Wahoo's pending motion for a preliminary injunction (D.I. 71; D.I. 72), IT IS HEREBY ORDERED that Wahoo's motion to compel supplementation of the responses is DENIED without prejudice, and Wahoo's motion to compel Zwift to remove redactions from previously-produced documents is GRANTED, for the reasons set forth below.

1. **Background.** Wahoo filed this patent infringement action on October 3, 2022, alleging that Zwift's "Hub" bicycle trainer product infringes three of Wahoo's patents directed to a bicycle trainer with a frame, flywheel, and magnetic brake assembly that is operable for use with a conventional bicycle with its rear wheel removed. (D.I. 1 at ¶¶ 26, 50-53, 57-60, 64-67) According to Wahoo, Zwift's alleged infringement impacts sales of Wahoo's KICKR and KICKR CORE products which practice the claimed inventions in the patents-in-suit. (*Id.* at ¶¶ 39, 43, 47)

2.  On November 16, 2022, Wahoo filed a motion for a preliminary injunction seeking to enjoin Zwift's sales of its Hub product. (D.I. 10) The parties subsequently entered into a stipulated schedule for the expedited exchange of preliminary injunction-related discovery, and the court set a preliminary injunction hearing date of April 11, 2023. (D.I. 32) A stipulated protective order is in place. (D.I. 34)

3.  **Legal standard.** Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). These general parameters apply to pre-hearing discovery, "although the scope of discovery may be limited to focus on claims and defenses that will be relevant in the context of the upcoming preliminary injunction hearing." *Danieli Corp. v. SMS Grp., Inc.*, 2022 WL 2541981, at *1 (W.D. Pa. Mar. 18, 2022). The party moving to compel discovery bears the burden to show the relevance of the requested information. *See Am. Bottling Co. Inc. v. Vital Pharms., Inc.*, C.A. No. 20-1268-TMH, 2021 WL 9599683, at *1 (D. Del. Sept. 27, 2021). Once relevance is shown, the non-moving party may show why the discovery should not be permitted despite its relevance. *See Tessera, Inc. v. Broadcom Corp.*, C.A. No. 16-380-LPS-CJB, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017).

4.  **Analysis.** Wahoo moves to compel Zwift to supplement its responses to Amended Request for Production No. 3 and Amended Interrogatory No. 1 to produce discovery on Zwift's unlaunched, abandoned, and future products. (D.I. 71, Ex. 3 at 6; Ex. 4 at 9) Wahoo argues that this discovery is relevant because Zwift has represented that the Hub is its only hardware product on the market, and an injunction would damage Zwift's reputation and impair its ability to reenter the market. (*Id.* at 2) Wahoo maintains it should be permitted to take

discovery on the reasons why the Hub is Zwift's only product on the market and how soon Zwift could launch and sell other hardware products in the future because this discovery is relevant to considerations including irreparable harm and the balance of hardships. (*Id.*)

5. Wahoo's motion to compel supplemental responses to Amended Request for Production No. 3 and Amended Interrogatory No. 1 is DENIED without prejudice. The record before the court shows that Zwift provided testimony from a 30(b)(6) designee on its unlaunched, abandoned, and future products. (D.I. 72, Ex. A at 38:16-51:23, 65:20-66:20) Wahoo acknowledges that "Zwift was willing to allow Wahoo to question Zwift's 30(b)(6) witness" regarding this subject matter, without acknowledging that the deposition took place. (D.I. 71 at 1) Wahoo does not identify any deficiencies in the proffered testimony or explain why a further document production is needed following the 30(b)(6) testimony.

6. Zwift has shown that the document discovery requested by Wahoo is not proportional to the needs of the case at this stage of the proceedings. (D.I. 72) The complaint establishes that Wahoo was aware of Zwift's unlaunched and abandoned hardware products, yet it did not raise these products in its motion for a preliminary injunction, indicating that the relevance of the requested discovery to the preliminary injunction inquiry is limited. (D.I. 1 at ¶ 24; D.I. 12) The testimony of Zwift's 30(b)(6) designee confirms that a complete document production on Zwift's two unlaunched or abandoned bicycle trainers would be extensive and burdensome because the projects involved many employees in various capacities over a significant length of time. (D.I. 72, Ex. A at 76:12-77:2; *see also* Ex. B; Ex. D) And the court cannot discern any deficiencies or gaps in the testimony provided by Zwift's 30(b)(6) designee on the subjects of unlaunched, abandoned, and future products. (*Id.*, Ex. A) On this record, the court finds that expanding the scope of discovery on Zwift's unlaunched, abandoned, and future

products to include a document production in addition to the existing 30(b)(6) testimony would not be proportional in the context of the upcoming preliminary injunction hearing.

7. Wahoo also moves to compel Zwift to remove redactions included in its document production served on February 17, 2023, to the extent that those redactions relate to Zwift's unlaunched, abandoned, and future products. (D.I. 71 at 1) According to Wahoo, these redactions were not identified as privilege-related redactions, and Zwift confirmed that it redacted information on "non-accused products" on relevance grounds. (*Id.*; Ex. 2 at 1) Zwift does not separately address the documents which were already produced but contain redactions of information relating to its unlaunched, abandoned, and future products in its responsive letter brief. (D.I. 72)

8. Wahoo's motion to compel Zwift to remove redactions relating to its unlaunched, abandoned, or future products from previously produced, nonprivileged documents is GRANTED. Zwift's arguments on burden and proportionality do not logically extend to documents which it already produced, and Zwift's 30(b)(6) testimony on this subject matter has negated the reasons for redacting the material in the first instance. Consequently, Zwift shall produce the unredacted documents on or before March 3, 2023, to allow sufficient time for Wahoo to consider the documents before the March 7 deadline for its reply brief on the preliminary injunction motion. (D.I. 32)

9. **Conclusion.** For the foregoing reasons, Wahoo's motion to compel the supplementation of Zwift's responses to Amended Request for Production No. 1 and Amended Interrogatory No. 1 is DENIED without prejudice, and Wahoo's motion to compel Zwift to remove any redactions to previously produced, nonprivileged documents relating to Zwift's unlaunched, abandoned, or future products is GRANTED. (D.I. 71) Zwift shall produce the

unredacted documents on or before March 3, 2023. IT IS FURTHER ORDERED that the discovery dispute teleconference set in this matter for March 1, 2023 at 2:00 p.m. is CANCELLED.

10. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **March 6, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within seven (7) days of the date the Memorandum Order issued.

11. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**12.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge