IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WAHOO FITNESS L.L.C.,                )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )        C.A. No. 22-1295 (WCB) (SRF)
                                     )
ZWIFT, INC.,                         )
                                     )
                 Defendant.          )

### [JOINT PROPOSED] SCHEDULING ORDER

The Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) not later than **April 28, 2023**.

2. <u>Infringement Contentions</u>. Unless otherwise agreed to by the parties, not later than **May 12, 2023**, the plaintiff shall serve Initial Infringement Contentions on the defendant.  The Initial Infringement Contentions shall contain the following information:

a.  Each claim of each asserted patent that is allegedly infringed by the defendant;

b.  A chart identifying specifically where and how each limitation of each asserted claim is found within the accused product;

c.  For each limitation of each asserted claim, whether the limitation is alleged to be present literally or under the doctrine of equivalents in the accused product;

d.  For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled.

e.  Concurrent with its Initial Infringement Contentions, plaintiff shall produce to defendant all agreements that plaintiff contends are a comparable license that would result from a hypothetical reasonable royalty negotiation.

3.  <u>Invalidity Contentions</u>.  Unless otherwise agreed to by the parties, not later than **June 30, 2023**, the defendant shall serve its Initial Invalidity Contentions on the plaintiff.  The Initial Invalidity Contentions shall contain the following information:

a.  The identity of each item of prior art that the defendant alleges anticipates each asserted claim or renders the claim obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher.  Any alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.

b.  Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.  A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

2

d.  Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

e.  Concurrent with its Initial Invalidity Contentions, defendant shall also produce all agreements that defendant contends are a comparable license that would result from a hypothetical reasonable royalty negotiation.

4.  Joinder of Other Parties and Amendment of Pleadings.  All motions to join parties and to amend or supplement the pleadings shall be filed on or before **July 21, 2023**.

5.  Discovery.

a.  Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **May 24, 2024**.

b.  Document Production.  Document production shall be complete by **March 1, 2024**.

c.  Requests for Admission.  A maximum of **25** requests for admission are permitted for each party.  Requests for admission directed to the authenticity of documents do not count against the foregoing limit on the number of requests for admission

d.  Interrogatories.  A maximum of **22** interrogatories, including contention interrogatories, are permitted for each party.

e.  Depositions.  Each party will be limited to **70 hours** per side for fact depositions, including third-party depositions, but excluding expert depositions.  Unless otherwise stipulated or ordered by the Court, a deposition is limited to 1 day of 7 hours on the record.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated

within this district.  Exceptions to this general rule may be made by order of the court or by agreement of the parties.  A defendant who becomes a counter-claimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this district court for purposes of this provision.

f.  <u>Reliance on Opinion of Counsel:</u>  Within **30 days** of the issuance of the Court's claim construction opinion, defendant will identify whether it intends to rely upon the advice of counsel as a defense to willful infringement in the case and, if so, produce a copy of any related written opinion and/or the identity of any person who provided an oral opinion, as well as any related documents and correspondence.  The parties agree that if the Court's claim construction opinion has not yet issued such that defendant can make this identification before the deadline for completion of document production, the parties will meet and confer to determine how to proceed.

g.  <u>Disclosure of Expert Testimony</u>.

i.  <u>Expert Reports</u>.  For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **June 21, 2024**.  The opposing party's responsive disclosure of expert testimony is due on or before **July 26, 2024**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the responsive expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Any expert depositions shall be taken no later than **August 30, 2024**.

ii.  <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it

shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's law clerk to schedule a hearing.   The Court's law clerk, Mr. Dane Sowers, can be reached at sowersd@cafc.uscourts.gov.  The Court will then direct the filing of letter briefs, to be followed by a telephonic hearing if the court considers the hearing necessary.  Discovery-related disputes between the parties to this action should not be addressed by motion.

6. <u>Application to the Court for a Protective Order</u>.  Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court on or before **April 28, 2023**.  Counsel should also concurrently file a proposed order that directs discovery of electronically stored information (ESI). Should counsel be unable to reach agreement on a proposed form of order, counsel must follow the provisions of Paragraph 5(h) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be

5

filed electronically within **seven days** of the filing of the sealed document.  Papers should not be filed under seal unless there is a specific and substantial reason that particular materials in those papers are confidential and need to be protected from disclosure.

8.  Courtesy Copies.  Courtesy copies of motions or other documents filed ordinarily need not be provided to the court.  However, the parties shall provide the court with a courtesy copy of all briefs relating to any dispositive motion or *Daubert* motion, along with a courtesy copy of any other document filed in support of any such brief (i.e., appendices, exhibits, declarations, affidavits, etc.) by mailing them to Judge Bryson's chambers, 717 Madison Place, N.W., Washington, D.C. 20439.  This provision also applies to papers filed under seal.

9.  Claim Construction.  On or before **August 4, 2023**, the parties will exchange their list of proposed terms for construction.  On or before **August 11, 2023**, the parties will exchange their proposed constructions for those terms that have been identified for construction.  The parties will meet and confer to determine what, if any, issues of claim construction the court needs to address.  The parties will meet and confer to by **August 25, 2023** to determine what, if any, issues of claim construction the Court needs to address.  On or before **September 8, 2023**, the parties will advise the Court as to what claim construction issues the parties have identified, which are ones on which the parties agree on a construction, which claim construction issues are disputed, and what the parties proposed claim constructions are for each of the identified claim construction issues, disputed or undisputed.

a.  Claim Construction Briefing.  On or before **September 29, 2023**, the plaintiff will file a brief of no more than 5000 words setting out its position on claim construction.  On **October 20, 2023**, the defendant will file a single answering brief of no more than 7500 words setting out its position on claim construction.  On **November 10, 2023**, the plaintiff may file a

reply brief of no more than 5000 words on claim construction.   On **December 1, 2023**, the defendant may file a sur-reply brief of no more than 2500 words on claim construction.

b. <u>Meet and Confer on Claim Construction</u>.  On or before **December 8, 2023**, the parties will meet and confer in an effort to narrow their disputes as to claim construction issues. Within **three business days** of the meet and confer, the parties will submit to the court a joint status report indicating what, if any, issues have been resolved or narrowed regarding claim construction.

c. <u>Hearing on Claim Construction</u>.  If, after considering the parties' briefs and the status report, the court determines that a hearing on claim construction would be useful, the court will set such a hearing.  At least 10 days in advance of the hearing, each party will advise the court and the opposing party if live testimony will be presented at the hearing.  The court strongly discourages the use of PowerPoints and other demonstratives.  If the parties wish to refer to exhibits or illustrations, those should be included in the materials submitted to the court with the claim construction briefs.

10. <u>Final Infringement and Invalidity Contentions</u>. Plaintiff shall serve final infringement contentions within **30 days** after the Court's claim construction ruling.  Defendant shall serve final invalidity contentions within **60 days** after the Court's claim construction ruling.

11. <u>Deadlines</u>.  All documents required to be filed on a specified date (or within a specified number of days after a particular event) must be filed no later than 5 p.m. EST on the date specified. Any requests to extend a deadline must be filed at least three business days in advance of the deadline.

12. <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 11, 2024.**

Unless otherwise ordered, each side will address all of their case dispositive and *Daubert* motions in an opening brief of no more than 7500 words.  Each side may file a single responsive brief of no more than 7500 words.  Responsive briefs shall be filed by **November 15, 2024**.  The movant may then file a single reply brief of no more than 2500 words.  Reply briefs shall be filed by **December 6, 2024**.

13.   Applications by Motion.  Except as otherwise specified herein, any application to the court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.  Any brief in support of a motion, as well as the associated response and reply briefs, should be double-spaced with 12-point Times New Roman font.  All footnotes in such briefs should be double-spaced.

14.   Pretrial Conference.  On **February  __, 2025**, the court will hold a final pretrial conference with counsel.  The parties shall file a joint proposed pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.

15.   Motions in Limine.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the joint proposed pretrial order.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument.  The party making the *in limine* request may file a reply of one page in support of its request.  For each motion *in limine*, the movant shall serve (but not file) its opening brief no later than 30 days prior to the deadline for the joint proposed pretrial order. The non-movant shall serve (but not file) its opposition no later than 14 days prior to the deadline for the joint proposed

pretrial order. The movant shall serve (but not file) its reply no later than 7 days prior to the deadline for the joint proposed pretrial order.

16. <u>Trial.</u>  This case is scheduled for a jury day trial beginning at 9:00 a.m. on **March __, 2025**, with each subsequent trial day beginning at 9:00 a.m.  The trial will be timed, with each party being given 15 hours to present its case.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2023.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE