# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**JENNIFER YING**
(302) 351-9243
(302) 225-2570 FAX
jying@morrisnichols.com

**REDACTED - PUBLIC VERSION**
**Original Filing Date: April 28, 2023**
**Redacted Filing Date: May 5, 2023**

The Honorable William C. Bryson
U.S. Court of Appeals, Fed. Cir.
717 Madison Place, NW
Washington, DC  20439

*VIA ELECTRONIC FILING*

      Re:    *Wahoo Fitness L.L.C. v. Zwift, Inc.*
               C.A. No. 22-1295 (WCB) (SRF)

Dear Judge Bryson:

      In accordance with the Court's April 19, 2023 Order, please find enclosed Wahoo's proposed redactions to the April 19, 2023 Memorandum Opinion and Order (D.I. 95, "Opinion"). A copy of the proposed redactions as marked is attached as Exhibit A, and a redacted version of the Opinion is attached as Exhibit B.

      In support of the proposed redactions, Wahoo respectfully submits that the Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(1)(G); *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure.").

      Courts apply a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Kaleo, Inc. v. Adamis Pharms. Corp.*, No. 19-917-

The Honorable William C. Bryson
April 28, 2023
Page 2

RGA, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) (citing *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012)).  While there is a strong presumptive right of access to judicial records, that right is not absolute.  *In re Avandia Marketing, Sales Practices & Products Liability Litigation,* 924 F.3d 662, 672 (3d Cir. 2019).  This presumption can be overcome if the movant seeking to maintain confidentiality shows "that the interest in secrecy outweighs the presumption" and that disclosure will cause "a clearly defined and serious injury" to the movant.  *Kaleo, Inc.*, 2019 WL 11680196, at *1.  In addition, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."  *Pansy*, 23 F.3d at 783.

      Here, the parties are private litigants and the matter is not one of great public interest.  *See Pansy,* 23 F.3d at 788 (explaining that cases involving governmental officials and operations implicate particularly important public access interests).  As explained in the attached declaration of Matthew L. Cutler, Wahoo's proposed redactions relate to confidential business information that would cause Wahoo competitive harm if made public.  *See, e.g., Mosaid,* 878 F. Supp. 2d at 510 ("[T]erms that relate to pricing, valuation, monetary payments, and financial information should be protected."); *Mylan,* 723 F.3d at 415 n.3; Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order).  Accordingly, Wahoo respectfully requests that the Court adopt its proposed redactions.

      Counsel is available should the Court have any questions.

      Respectfully,

      */s/ Jennifer Ying*

      Jennifer Ying (#5550)

JY/lo
Encl.
cc:    All Counsel of Record (via e-mail)