IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAHOO FITNESS L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1295 (WCB) (SRF) |
| v. | ) | |
| | ) | |
| ZWIFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF MATTHEW L. CUTLER IN SUPPORT OF
### WAHOO FITNESS L.L.C.'S PROPOSED REDACTIONS

I, Matthew L. Cutler, declare as follows:

1. I am a partner at the law firm of Harness IP, counsel for plaintiff Wahoo Fitness L.L.C. ("Wahoo"). I submit this declaration in support of Wahoo's proposed redactions to the Court's April 19, 2023 Memorandum Opinion and Order (D.I. 95, "Opinion").

2. Based on the parties' March 31, 2023 e-mail agreement, although the parties agreed to an open court room, the parties did not agree to permanently waive the confidentiality of the information presented at the hearing, nor did the parties agree to waive the provisions of the preliminary injunction protective order for the confidential information presented at the hearing.

3. Wahoo's proposed redactions, which fall into four categories, relate to confidential business information that if made public, would cause Wahoo competitive harm if made public.

4. The redactions proposed on pages 24-25 and 28 of the Opinion were to discussions of planned sales and price reductions for the KICKR and KICKR CORE. Wahoo has a particularized need to limit public access to this information because customers will likely delay purchasing these products if they find out about the sales in advance of the start dates. It would also place Wahoo at a competitive disadvantage if all of its competitors learned of Wahoo's planned sales and price reductions in advance of the start dates.

5. On pages 25 and 28-29 of the Opinion, Wahoo has proposed redacting the percentages of Wahoo's trainer sales made through independent bike dealers and national retailers. This information is not public and could place Wahoo at a competitive disadvantage if all of its competitors learned of Wahoo's sales channel mix.

6. On page 27 of the Opinion, Wahoo has proposed redacted a comment that Wahoo is in ███████████████████████████████████ Wahoo has a particularized need to limit public access to this comment because customers may not purchase Wahoo products if this comment leads them to believe that the company is going out of business and will not be able to provide warranty support.

7. On page 27 of the Opinion, Wahoo has proposed redacting the exact amount of Wahoo's bridge loan because that is sensitive financial information that is not public. The only thing that is public is the existence of the bridge loan, but not the amount. Wahoo has a particularized need to limit public access to the specifics of Wahoo's confidential financials.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: April 28, 2023.                                    /s/ Matthew L. Cutler
                                                          Matthew L. Cutler

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 28, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant Zwift, Inc.* | VIA ELECTRONIC MAIL |
| Mark N. Reiter, Esquire<br>Albert Suarez IV, Esquire<br>Philip J. Spear, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX  75201<br>*Attorneys for Defendant Zwift, Inc.* | VIA ELECTRONIC MAIL |
| Ernest Y. Hsin, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, # 3000,<br>San Francisco, CA  94105<br>*Attorneys for Defendant Zwift, Inc.* | VIA ELECTRONIC MAIL |
| Raymond A. LaMagna, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071<br>*Attorneys for Defendant Zwift, Inc.* | VIA ELECTRONIC MAIL |
| Christine L. Ranney, Esquire<br>GIBSON, DUNN & CRUTCHER LLP<br>1801 California Street<br>Denver, CO  80202<br>*Attorneys for Defendant Zwift, Inc.* | VIA ELECTRONIC MAIL |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)