IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAHOO FITNESS L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1295 (WCB) (SRF) |
| | ) | |
| ZWIFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the plaintiff, Wahoo Fitness L.L.C. ("Wahoo") and defendant, Zwift, Inc. ("Zwift"), or non-parties that constitute or contain trade secrets or other confidential research, development, or proprietary business information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

WHEREAS such confidential information must be protected to preserve the legitimate business interests of the parties or non-parties;

WHEREAS the parties, through counsel, have stipulated to the entry of this protective order for the purpose of advancing the progress of this action and to prevent unnecessary dissemination or disclosure of their respective confidential information; and

WHEREAS the parties, through counsel, stipulate that good cause exists for the entry of this protective order pursuant to Rule 26(c) to safeguard against improper disclosure or use of confidential information produced in this action;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

**Identification and Marking of Protected Material**

1.      Documents, information or materials protected by this Order ("Protected Material") shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The designation shall be placed clearly on each page of the materials to be protected (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition transcripts, the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE." For natively produced files, the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed in the filename of each such natively produced document or produced with a load file that designates the native file as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.      Each Party may designate as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" any document, transcript, information or material, in whole or in part, that constitutes or includes, in whole or in part, confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material.  Each Party may further designate any confidential document, transcript, information or material that contains confidential technical information as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" and by doing so will trigger the Patent Prosecution Bar provisions set forth in Paragraph 16, below.  Finally, each Party may designate as "RESTRICTED CONFIDENTIAL SOURCE CODE" Protected Material that contains or substantively refers to a Party's "Source Code," which shall mean documents or information containing or substantively relating to confidential, proprietary, and/or trade secret source code or technical design documentation ("Source Code Material").   Designating Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" will also trigger the Patent Prosecution Bar provisions set forth in Paragraph 16, below.

3.      Information previously designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY PURSUANT TO D. DEL. LR 26.2" shall be considered as having been designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Order.

4.      "CONFIDENTIAL  –  OUTSIDE  ATTORNEYS'  EYES  ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "RESTRICTED CONFIDENTIAL SOURCE CODE" documents, transcripts, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth herein:

(a)      outside counsel of record in this Action for the Parties;

(b)      employees and contractors of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least three (3) business days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within three (3) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

  i.   Access to "RESTRICTED CONFIDENTIAL SOURCE CODE" material shall be limited to three (3) such outside consultants or experts.

(d)      independent litigation support services, including persons working for or as court reporters, videographers, graphics or design services, jury or trial consulting services, professional translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(e)      the Court and its personnel; and

(f)      any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order, and the Court and its personnel.

---

[1] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five (5) years; (iii) (by name and number of the case, filing date and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

5.      A Party shall designate documents, transcripts, information or material as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" only upon a good faith belief that the documents, information or material contains confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.      Parties may, at the deposition or within five (5) business days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY", "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 5-day period, the entire deposition transcript shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

**Disclosure and Use of Protected Material**

7.      Protected Material will be used solely for the purpose of prosecuting, defending, or settling this action, including any appeal and retrial, and will not be used for other purposes including but not limited to patent licensing or for communications, petitioning, litigation, or counseling with or before the U.S. Patent & Trademark Office or any similar foreign or domestic agency.

8.      Nothing in this protective order shall prevent any person from making use of any information that is designated as Protected Material if such information:

(a)      Was lawfully in his or her possession prior to receipt under the provisions of this protective order;

(b)      Was or becomes available to the public through no fault of a receiving party;

(c)      Was or is obtained from a source not under an obligation of secrecy to the designating party; or

(d)      Is exempted from the operation of this protective order by written consent of the designating party.

9.      If any person disputes or challenges the designation of any information as Protected Material based on any ground specified in subparagraphs (a) through (c) of paragraph 8, such information shall nevertheless be treated according to its specific designation as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" in accordance with the provisions of this order until such designation is removed by order of the Court or by written consent of the designating party.

10.      A document that contains or reveals Protected Material may be shown to any person who authored or previously had access to or knowledge of the document, as demonstrated by the document itself or by foundation testimony during a deposition, hearing, or trial.

11.      Protected Material may be disclosed to a witness testifying under oath if the witness is an officer, director, employee, consultant, expert or representative of the party who produced such Protected Material.

12.      Protected Material may be disclosed to a witness testifying under oath if (a) the witness was formerly an officer, director, employee, consultant, expert, clinical investigator, patent agent or attorney of the party who produced such Protected Material; (b) the Protected Material

was in existence during the period of his or her service or employment; and (c) it is reasonable to conclude that the witness was involved in the project to which the Protected Material relates.

13.    This order shall not prevent counsel from examining a witness testifying under oath in a good-faith effort to determine whether the witness has discoverable information about the Protected Material.

14.    Nothing in this protective order shall prevent disclosure of Protected Material if the producing party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

15.    Any person or entity who obtains access to documents, transcripts, information or material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE"  or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such documents, information or material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" and subject to all of the terms and conditions of this Order.

16.    Absent written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on,

preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (1) the subject matter recited in the claims of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office, or (2) any products, services, or systems about which technical information has been produced in this Action with a "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" designation.   To avoid any doubt, "prosecuting" as used in this paragraph does not include participating or assisting in challenging or defending any patents before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post-grant review, or covered business method review), provided that such participation or assistance shall not, directly or indirectly, include suggesting, proposing for substitution, drafting, or amending patent claim language.   These prohibitions shall begin when access to documents, information or other material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" is first received by the affected individual, and shall end two years after the final resolution of this Action, including all appeals.

17.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.   The Parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of

privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The Parties are not required to identify on a privilege log any documents or information withheld as privileged, including but not limited to attorney-client communications or attorney work product, that were created on or after the filing of the Complaint.  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

18.     Any documents, transcripts, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is filed with the Court shall be filed under seal in accordance with the Court's procedures.

19.     A Party may request in writing to the other Party that the designation given to any documents, transcripts, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" be withdrawn.  If the designating Party does not agree to re-designation within five (5) business days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon

any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties"), and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     If a party intends to reveal Protected Material of another party during a deposition, trial, court appearance, or hearing, which is open to the public, the party intending to reveal such Protected Material shall provide reasonable notice and opportunity to object to the party that produced the Protected Material, unless consent from the party that produced the Protected Material party was previously obtained.  The use or presentation of any Protected Material at a deposition, trial, court appearance, or hearing does not constitute a waiver of the producing Party's

claim to the confidentiality of such information and the protections provided under this Order to the Protected Material that was revealed shall continue following the deposition, trial, court appearance, or hearing. A party seeking continued protection of such material should do so by seeking agreement of the other party or a Court order unless otherwise agreed to by the Parties or a superseding Court Order.

23.     Should any Protected Material be disclosed, through inadvertence or otherwise, by a receiving party to any person not duly authorized to receive such information under this protective order, then the receiving party responsible for such disclosure shall promptly notify opposing counsel of all pertinent facts and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Material from the unauthorized recipient(s) thereof and requesting that each such recipient execute the declaration attached as Exhibit A.

24.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured locked room.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its lead outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and the receiving Party may request that commercially available licensed software tools for viewing and searching of Source Code Material be installed on the stand-alone computer for purposes of the review.  Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s).  Any licensing fees for such software shall be paid by the receiving Party;

(e)     To the extent portions of Source Code Material are quoted in an electronic copy or image of a document which, pursuant to the Court's rules, procedures, or order, must be filed or served electronically ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(f)     Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Documents or any drafts of these documents as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.[2]   The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

---

[2] Draft shall only include those excerpts the Receiving Party reasonably believes will be included in the final version.

(g)    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving Party may request no more than 35 consecutive pages, or an aggregate total of more than 250 pages, of source code during the duration of the case without prior written approval by the producing Party, with such approval not to be unreasonably withheld. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance.  Within 5 business days or with reasonable notice to the requesting Party, such additional time as necessary due to volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion.  In the event that the producing Party believes that a particular printing request is unreasonable or the receiving Party seeks to print additional pages exceeding the printing limits described above, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement.  If they cannot resolve the issue, either Party may seek an order from the Court of whether the Printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code printouts need not be produced to the requesting Party until the matter is resolved by the Court;

(h)    If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts are kept in a secure manner that ensures access is limited to the persons authorized under this Order;

(i)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under Paragraph 10(e) above to another person authorized under paragraph 10(e) above on paper via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically as is reasonably necessary for filing

any Source Code Material with the Court or serving such Source Code Material on another Party;

(j) The receiving Party's outside counsel and/or expert shall be entitled to take handwritten notes relating to the source code but may not copy any portion of the source code into the notes with the exception of directory paths, file paths, names and line numbers, as necessary to identify the requested portions for printing to the producing Party. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. Other than the inspection computer, no recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, cameras, voice recorders, CDs, DVDs, or drives of any kind (*e.g.*, USB memory sticks), shall be permitted in the room in which the source code is inspected. Any notes made or stored on the inspection computer shall be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." A log of such notes need not be produced to any other party absent Court Order (*e.g.*, potentially in connection with a Protective Order violation motion). The producing Party may visually monitor the activities of the receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code;

(k) A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(l) The receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of retained experts or consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party shall also maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, including and dates and times of inspection. Any individual who inspects any portion of the source code in electronic or paper form  must sign Appendix A and the receiving Party must provide a copy of the signed Appendix A to the producing Party;

(m)   All paper copies shall be securely destroyed if they are no longer necessary in the Litigation.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers;

(n)   The receiving Party will provide notice to the producing Party before including "RESTRICTED CONFIDENTIAL SOURCE CODE" information in a court filing, pleading, or expert report.

**Inadvertent Failure to Designate**

25.   The inadvertent failure by a producing party to designate specific documents or materials as containing Protected Material shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  A producing party seeking to designate such documents or materials may do so by giving written notice to the receiving party.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently undesignated information.  No showing of error, inadvertence, or excusable neglect shall be required for re-designation.

**Production of Privileged or Protected Documents**

26.   After receiving written notice from the producing party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, the receiving party shall return the documents or materials and all copies within five (5) days from receiving notice, or provide written confirmation of the destruction of the original and all copies of the identified documents, including all documents and things generated by a receiving party which documents and things contain information derived from the returned/destroyed materials.  The receiving party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information.

(a)     If the receiving party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other protection mandated by local law, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party ("Notice of Designation").

(b)     Within five (5) days after receiving a Notice of Designation, the producing party shall provide to the receiving party for each such document or thing a description of the basis for the claim of privilege, immunity, or other protection.

(c)     Within five (5) days after receiving such description, the receiving party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.  In any such motion to compel production of the returned/destroyed document, the receiving party shall not rely upon in any manner or assert as a ground for ordering production the fact, circumstances, or contents of the production.  Any such motion shall be filed under seal.

(d)     The parties may stipulate to extend the time periods set forth in (b) and (c) above.

(e)     Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

(f)     The disclosing party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the information in question.

(g)     Nothing in this order limits the right of any party to petition the Court for an in camera review.

(h)     This order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the disclosing party uses or indicates that it may use information produced under this order to support a claim or defense.

(i)     Under this order, the provisions of Federal Rule of Evidence 502(b) are inapplicable.

**Advice to Clients**

27.     Nothing in this protective order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of Protected Material.  In rendering such advice

and in otherwise communicating with his or her client, the attorney shall not disclose any Protected

Material if such disclosure would be contrary to the provisions of this protective order.

**Discoverability of Expert Materials**

28.     Discovery of communications between counsel and any independent expert or

consultant retained or specially employed by that counsel shall be limited to factual information,

assumptions provided by counsel and relied upon by the expert, analyses, documents, expert

compensation and billing records, communications between experts and counsel during breaks in

testimony at a deposition, hearing, or trial, and data considered or relied on by the expert in

rendering the opinions expressed in an expert report or at trial.  Except as otherwise provided

herein, all other communications between counsel and the expert relating to the process of

preparing an expert report or developing opinions for trial, including all preliminary or draft

reports, expert working papers, notes, and communications relating thereto, shall be deemed

exempt from discovery and use at trial.

**Third-Party Requests**

29.     If any third party requests the production of any Protected Material, including but

not limited to a request by subpoena, the receiving party in possession of such Protected Material

must:

> (a)     Notify the producing party within seven (7) days of receiving the request; and

> (b)     Take all lawful steps necessary to assert (or permit the Producing Party to assert) all applicable protections, including but not limited to:

>> (i)     Permitting the producing party a reasonable opportunity to intervene and be heard, and

>> (ii)    Defending the asserted rights, privileges, and immunities if the producing party cannot be heard.

**Miscellaneous**

30.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

31.     Non-parties who produce information in this action may avail themselves of the provisions of this protective order.

32.     Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

33.     There shall be no disclosure of any documents, information or other material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE"  by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

34.     Within ninety (90) days after the termination of this action (including any appeals), each document and each other tangible thing that contains or reveals Protected Material and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Material shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party.

35.     Within ninety (90) days after any counsel has withdrawn or otherwise been terminated as counsel of record, said counsel shall likewise return or destroy each document and each other tangible thing in their possession that contains or reveals Protected Material and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Material.

36.     Notwithstanding the foregoing, outside counsel and in-house legal representatives may maintain each of the following: each paper filed with the Court together with any exhibits thereto, each deposition transcript together with the exhibits marked at the deposition, each expert report together with any exhibits thereto, all written discovery and responses thereto, each demonstrative used at trial or any other hearing, each trial or hearing transcript, each exhibit used at trial, each item of correspondence, and all drafts, memoranda, and other documents constituting work product which were based upon or which include Protected Material, so long as the terms of this protective order will continue to govern any such retained materials and provided that information protected by data privacy will not be retained.  In the event that outside counsel and in-house legal representatives maintain such documents, they shall not disclose material containing any Protected Material to another party or third party absent subpoena or court order.  Outside counsel and in-house legal representatives likewise need not purge their email, document

management systems, or back-up storage media, provided, however, that any Protected Material contained in such documents retained by counsel shall remain subject to the protections of this protective order.  No person or Receiving Party is obligated to return or destroy Protected Material contained on electronic backup back-up tapes or other archival media, which should be treated in accordance with standard retention policies.  However, to the extent that any material is accessed from back-up storage media, information protected by data privacy obligations shall be destroyed or returned and legal hold obligations shall be periodically reviewed for necessity and proportionality and information protected by data privacy obligations shall not be retained in perpetuity.

37.     The provisions of this protective order shall survive and remain in full force and effect after the termination of this action (including any appeals).  This Court shall retain jurisdiction even after termination of this litigation to enforce this protective order and make such amendments, modifications, deletions, and additions to this protective order as the Court may from time to time deem appropriate.

38.     This protective order may be amended as need may arise by written agreement of the parties, subject to Court approval.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Plaintiff*

FARNAN LLP

*/s/ Brian E. Farnan*

_____

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*

May 5, 2023

SO ORDERED this 8th day of May, 2023.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE

21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAHOO FITNESS L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1295 (WCB) (SRF) |
| | ) | |
| ZWIFT, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**<u>PROTECTIVE ORDER</u>**

I, _____, declare that:

1.　　My address is _____

_____.

My current employer is _____.

My current occupation is _____.

2.　　I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.　　I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE

CODE" that is disclosed to me.

4.　　Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____